# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 3, 2014

Lyle W. Cayce
Clerk

No. 14-30270
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESSIE ALFRED,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:10-CR-77-1

Before DeMOSS, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jessie Alfred appeals the sentence imposed after he pleaded guilty to conspiring to possess with intent to distribute cocaine and cocaine base (crack). He contends that his 1997 state conviction for crack cocaine possession was wrongly used to increase his criminal history score because the state offense was part of the federal offense.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30270

The state offense could properly be treated as criminal history if the criminal conduct was "not part of the instant offense." U.S.S.G. § 4A1.2(a)(1); *see also* § 4A1.1(a), (d), & comment. (n.4). The critical inquiry is whether the prior conduct is "relevant conduct" as defined by § 1B1.3 of the Guidelines. *United States v. Yerena-Magana*, 478 F.3d 683, 687 88 (5th Cir. 2007); *see United States v. Thomas*, 973 F.2d 1152, 1158 (5th Cir. 1992). Relevant conduct includes conduct that was "part of the same course of conduct or common scheme or plan as the offense of conviction." § 1B1.3(a)(2); *see United States v. Benns*, 740 F.3d 370, 373 (5th Cir. 2014).

We review the district court's factual finding of relevant conduct for clear error. *See United States v. Wall*, 180 F.3d 641, 644 (5th Cir. 1999). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009) (internal quotation marks and citation omitted).

Although Alfred's state offense occurred within the alleged dates of the federal conspiracy, the state offense was not relevant conduct because it occurred prior to Alfred's *actual participation* in the federal conspiracy. *See* § 1B1.3, comment. (n.2(B)) ("A defendant's relevant conduct does not include the conduct of members of a conspiracy prior to the defendant's joining the conspiracy, even if the defendant knows of that conduct."). In addition, the state offense involved an accomplice who was not part of the federal conspiracy, and the state offense involved crack cocaine while Alfred's federal sentence was based only on powder cocaine. The district court's finding that the state offense was not part of the federal offense was at least plausible and thus not clearly erroneous. *See Rhine*, 583 F.3d at 885; *Wall*, 180 F.3d at 644-45.

The judgment is AFFIRMED.